**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
IN ADMIRALTY**

| | |
|---|---|
| PROGRESSIVE MOUNTAIN INS. CO., ) | |
| ) | No. 2:14-cv-04413-DCN |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| DANA C. MCLENDON CO. INC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on a motion to remand brought by plaintiff Progressive Mountain Insurance Company ("Progressive"). For the reasons that follow, the court grants Progressive's motion.

## I. BACKGROUND

Progressive filed a complaint in the Court of Common Pleas of Charleston County, on September 12, 2014 for negligence and breach of contract resulting from the alleged mishandling of a marine survey performed by defendant Dana C. McLendon Company, Inc. ("McLendon") on Progressive's insured's vessel. Def.'s Resp. 1. McLendon filed a notice of removal on November 14, 2014, asserting original jurisdiction under 28 U.S.C. § 1331(1), and removability under 28 U.S.C. § 1441. McLendon then filed an answer to the complaint on November 17, 2014. On December 12, 2014, Progressive filed the instant motion to remand back to state court. McLendon filed a response in opposition on January 20, 2015. The motion has been fully briefed and is ripe for the court's review.

1

## II.  REMOVAL STANDARD

The right to remove a case from state court to federal court derives from 28 U.S.C. § 1441, which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  The party seeking to remove a case from state court to federal court bears the burden of demonstrating that jurisdiction is proper at the time the petition for removal is filed.  Caterpillar Inc. v. Lewis, 519 U.S. 61, 73 (1996).  If federal jurisdiction is doubtful, remand is necessary.  Mulcahey v. Columbua Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994); Pohto v. Allstate Ins. Co., No. 10-2654, 2011 WL 2670000, at *1 (D.S.C. July 7, 2011) ("Because federal courts are forums of limited jurisdiction, any doubt as to whether a case belongs in federal or state court should be resolved in favor of state court.").  Under the saving to suitors clause, 28 U.S.C. § 1333(1), "[t]he district courts shall have original jurisdiction, exclusive of the courts of the States, of . . . [a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."

## III.  DISCUSSION

Progressive asks the court to remand this action back to the Charleston County Court of Common Pleas.  Pl.'s Mot. 1.  Progressive cites Shernoff v. Morgan Marina, Inc. in support of the proposition that "plaintiff's choice to bring [an] in personam admiralty action in state court . . . cannot be disturbed."  Id.; 2009 WL 901881, at *2 (D.N.J. Mar. 31, 2009) (citations omitted).  McLendon responds that Shernoff was decided before 28

2

U.S.C. § 1441 was amended in 2011 and is no longer persuasive law. Def.'s Resp. 2. McLendon argues that a plain reading of the provisions of 28 U.S.C. § 1441, as amended on December 7, 2011, renders removal proper. Id.

Prior to the 2011 amendment, 28 U.S.C. 1441 read as follows:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(a) & (b) (2002).

In 2011, Congress passed the Federal Courts Jurisdiction and Venue Clarification Act of 2011 which, in relevant part, provided:

(b) Removal based on diversity of citizenship. (1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded. (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b) (2012).

McLendon contends that the removal of the "other such action" clause in § 1441(b) indicates that, under the clear language of the amendment, Progressive's negligence and breach of contract claims arising under general maritime law are properly removable. Def.'s Resp. 4. Although neither the Fourth Circuit nor District of South

3

Carolina courts have addressed this provision, other courts within the Fourth Circuit have held that the 2011 amendment did not render such maritime claims removable.  See, e.g., Rabenstine v. Nat'l Ass'n of State Boating Law Adm'rs, Inc., 2015 WL 256533, at *2 (E.D. Va. Jan. 20, 2015) ("[T]his Court recently adopted the majority approach, which holds that [the 2011] amendments do not make maritime cases removable."); A.E.A. ex rel. Angelopoulos v. Volvo Penta of the Americas, 2015 WL 128055, at *4 (E.D. Va. Jan. 9, 2015) ("[T]he 2011 amendment to § 1441 did not permit maritime claims to be removed to federal court without an independent basis for jurisdiction.").

In A.E.A., the United States District Court for the Eastern District of Virginia considered the defendant's argument that general maritime law claims saved to suitors are removable even without independent grounds for federal jurisdiction.  2015 WL 128055, at *5.  The court first noted that "[t]he Supreme Court has interpreted the saving to suitors clause 'as a grant to state courts of *in personam* jurisdiction, concurrent with admiralty courts.'"  Id. (quoting Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 445 (2001)); see also Offshore Logistics, Inc. v. Tallentire, 477 U.S. 207, 222 (1986) ("The saving to suitors clause leaves state courts competent to adjudicate maritime causes of action in proceedings in personam.") (internal quotations omitted); Romero v. Int'l Terminal Operating Co., 358 U.S. 354 (1959) ("By making maritime cases removable to the federal courts it would make considerable inroads into the traditionally exercised concurrent jurisdiction of the state courts in admiralty matters—a jurisdiction which it was the unquestioned aim of the saving clause of 1789 to preserve.").  "Under this interpretation," the court found, "a defendant may only remove a case in which an *in*

4

*personam* maritime claim is brought when the case includes an independent ground for federal jurisdiction." A.E.A., 2015 WL 128055, at *5.

Similar to the defendant in A.E.A., McLendon also primarily relies on Ryan v. Hercules Offshore, Inc., 945 F. Supp. 2d 772 (S.D. Tex. 2013), and its progeny in support of removal. Def.'s Resp. 5; see also A.E.A., 2015 WL 128055, at *5. In Ryan, the court found that the 2011 amendment to § 1441 altered traditional removal jurisdiction in a manner that now permitted the removal of maritime claims to federal court without the need for an independent basis for federal jurisdiction. 945 F. Supp. 2d at 778. The A.E.A. court declined to follow Ryan, finding that the court "failed to sufficiently account for the saving to suitors clause." 2015 WL 128055, at *6.

Unlike the Ryan court, the A.E.A. court found that a plain meaning statutory interpretation of § 1441 weighed against removability. 2015 WL 128055, at *7. The court emphasized 28 U.S.C. § 1441(a), which states that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants." Id. The court went on to find that the saving to suitors clause "is an Act of Congress in which Congress has expressly provided an exception to an otherwise removable action under § 1441." Id. Accordingly, the court found that "when read in light of the saving to suitors clause, a plain meaning interpretation of § 1441 undermines the Ryan court's reasoning." Id.

The A.E.A. court was more persuaded by a recent opinion from the District Court of Maryland, Cassidy v. Murray, which rejected Ryan on similar grounds. Cassidy, 34 F. Supp. 3d 579, 583 (D. Md. 2014) ("[T]he . . . Ryan court's focus on section 1441 fail[s]

5

to apportion sufficient weight to the savings clause."). The Cassidy court also pointed out that adopting the Ryan court's reasoning would contradict the Supreme Court's reasoning in Romero v. Int'l Terminal Operating Co. Id. In Romero, the Supreme Court considered whether the federal question statute should encompass claims brought under maritime jurisdiction. 358 U.S. at 380. In deciding against making such a finding, the Supreme Court specifically relied on the fact that such an expanded view of the federal question would eviscerate "the historic option of a maritime suitor pursuing a common-law remedy to select his forum, state or federal," which the saving to suitors clause seeks to preserve. Id. at 371–372. As in Cassidy, the A.E.A. court was likewise convinced that adopting the ruling in Ryan would permit "the very occurrence the Supreme Court attempted to avoid in Romero—the evisceration of the savings clause." A.E.A., 2015 WL 128055, at *6 (quoting Cassidy, 34 F. Supp. 3d at 583).

In its brief, McLendon cites a string of cases in which admiralty claims were found non-removable, notably omitting A.E.A., Cassidy, and Rabenstine. Def.'s Resp. 5–6. McLendon attempts to distinguish the instant action, claiming that the unifying principle behind the decision to remand in the cited cases "is the elevation of the historical judicial interpretations of the jurisdictional statutes above the plain language of Congress's most recent revisions of § 1441." Id. at 6. However, in A.E.A., the court found that the plain language of § 1441 did not support a finding that general maritime claims are now removable. 2015 WL 128055, at *7.

In addition, the A.E.A. court noted that "the weight of the relevant authority has slowly but gradually come to oppose Ryan." Id. at *9 (citing Harrold v. Liberty Ins. Underwriters, 2014 WL 5801673, at *3 (M.D. La. Nov. 7, 2014) ("The Court believes

6

that the correct view is also the majority view and that general maritime claims are not removable, despite the changes to 28 U.S.C. § 1441."); Perise v. Eni Petroleum, U.S., LLC, 2014 WL 4929239, at *5 (M.D. La. Oct. 1, 2014); Bartman v. Burrece, 2014 WL 4096226, at *4 (D. Alaska Aug. 18, 2014); Grasshopper Oysters, Inc. v. Great Lakes Dredge & Dock, LLC, 2014 WL 3796150, *2 (E.D. La. July 29, 2014); Cassidy, 2014 WL 3723877 at *4; Porter v. Great Am. Ins. Co., 2014 WL 3385148, at *1 (W.D. La. July 9, 2014)).

In light of the relevant case law within the Fourth Circuit and the persuasive weight of authority from other jurisdictions finding that general maritime law claims are not removable, the court finds that remand is appropriate.

## IV.  CONCLUSION

For the foregoing reasons, the court **GRANTS** Progressive's motion to remand.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**March 4, 2015**
**Charleston, South Carolina**

7